2011 UT App 58

**Charles CONNER, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Workforce Appeals Board, Respondent.**

No. 20100193–CA.

Court of Appeals of Utah.

March 3, 2011.

Sam N. Pappas, Salt Lake City, for Petitioner.

Suzan Pixton, Salt Lake City, for Respondent.

Before Judges McHUGH, ORME, and VOROS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶ 2 Petitioner seeks judicial review of the Workforce Appeals Board's affirmance of the administrative law judge's decision denying him benefits, arguing that the ALJ erred by finding that Petitioner voluntarily quit his job with an automobile dealer (the employer) without good cause. While Petitioner acknowledges that he left his job voluntarily, he contends that he had good cause to quit because the job was unsuitable based on two elements of the suitability test, specifically, (1) prior earnings and (2) benefits in addition to wages, *see* Utah Admin. Code R994–405–306(1), (3)(b). We see no error in the Board's decision.

¶ 3 A claimant can establish good cause by showing that he "left new work which, after a short trial period, was unsuitable consistent with the requirements of the suitable work test in Section R994–405–306." *Id.* R994–405–102(3). That section of the Utah Administrative Code provides that "[w]ork is not suitable if the wage is less than the state or federal minimum wage, whichever is applicable, or the wage is substantially less favorable to the claimant than prevailing wages for similar work in the locality." *Id.* R994–405–306(1). In addition, work is not suitable if fringe benefits, such as group health insurance or paid vacation, "are substantially less favorable than benefits received by the claimant during the base period or than those prevailing for similar work in the area, whichever is lower." *Id.* R994–405–306(3)(b).

¶ 4 Petitioner contends that his job was unsuitable based on his earnings. He contends that his compensation was below minimum wage, he was paid less than he earned in his prior job, he was paid less than he earned any time during the base period, and he was paid less than prevailing wages for similar work.

¶ 5 The ALJ's decision states that Petitioner earned approximately $1,300 while working for the employer, "including commissions and minimum wage payments when he did not earn sufficient commissions to equal minimum wage." Consistent with this finding, Petitioner acknowledged in his brief that the employer eventually supplemented his commissions to bring his earnings up to minimum wage.[1] Based on what the employer paid Petitioner compared to his previous job, and how long Petitioner actually worked taking into account his two-week absence due to illness, the Board stated that Petitioner's

---

1. While this adjustment occurred after Petitioner quit, it was apparently consistent with the employer's standing practice with respect to sales personnel whose commissions were insufficient to at least meet minimum wage. In any event, Petitioner does not argue that the timing of the supplemental payment means that we should disregard it.

"earnings for the two-plus weeks [he worked] appear[ ] to have been as good or better than his earning[s] with his previous [e]mployer." Thus, the Board correctly determined that Petitioner's claim of unsuitability based on prior earnings was without merit.

¶ 6 Petitioner also claims that he did not receive paid vacation or medical insurance coverage while working for the employer, while his previous job provided those benefits. Regarding paid vacation, Petitioner admitted during the hearing that the employer would have provided paid vacation after he worked there for a certain length of time. While he does not claim that he was unaware such benefits would not be immediately available when he accepted the position offered by the employer, Petitioner contends that the absence of comparable benefits, including medical insurance, is sufficient to show that the job was unsuitable.

¶ 7 Based on Petitioner's admission that the employer would eventually have provided paid vacation and given his failure to provide specific evidence regarding medical insurance and other benefits available to him at his previous job, we agree with the Board that Petitioner did not satisfy his burden of establishing that his benefits were "substantially less favorable" than the benefits Petitioner received at his previous job or than those "prevailing for similar work in the area," Utah Admin. Code R994–405–306(3)(b). *See id.* R994–405–105 (stating that the claimant has the "burden to establish that the elements of good cause or of equity and good conscience have been met"). As a result, we see no error in the Board's conclusion that "no suitable work issue exists in this case."

¶ 8 Even "[i]f the good cause standard has not been met, the equity and good conscience standard must be considered in" most cases. *Id.* R994–405–103(1). The Board's decision discussed the equity and good conscience standard, but Petitioner does not challenge the Board's conclusion in the proceeding he

filed in this court. Accordingly, we have no occasion to consider the issue in this case.[2]

¶ 9 We see no error in the Board's decision to affirm the ALJ's decision denying benefits, and we decline to disturb it.

¶ 10 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and J. FREDERIC VOROS JR., Judge.

**2.** We have considered Petitioner's other arguments and conclude they are without merit. We decline to discuss them further. *See generally State v. Carter,* 776 P.2d 886, 888 (Utah 1989) ("[T]his Court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal. Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").